**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

COUNTRYWIDE HOME LOANS
SERVICING, L.P.,

        **Plaintiff,**

    v.                                             Case No. 09-C-835

COLLEEN DIETRICH,
UNKNOWN SPOUSE OF
COLLEEN DIETRICH, and
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
as nominee for Countrywide Bank, N.A.,

        **Defendants.**

---

## DECISION AND ORDER

---

On August 31, 2009, Defendant Colleen Dietrich ("Dietrich") removed this foreclosure action from Milwaukee County Circuit Court and filed a motion for leave to proceed *in forma pauperis*. A fully briefed motion for summary judgment filed by Plaintiff Countrywide Home Loans Servicing, L.P. ("Countrywide") in the state court action was also filed with the Court.[1]

On September 15, 2009, Countrywide filed a motion to remand the action to state court, asserting that the notice of removal is defective because it failed to include or explain why it does not include all defendants and because it was filed more than 30 days after

---

[1] Countywide's amended motion to strike answer is also noted on the Court's docket. However, the motion was not filed.

Dietrich ascertained that the action might be removable to federal court as required by 28 U.S.C. § 1446(b). The time for filing a response to the motion has passed, *see* Civil Local Rule 7.1(b), and Dietrich has not responded to the motion.

> Section 1446(b) of Title 28 of the United States Code, states, in pertinent part:
>
> [t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

State court defendants may remove an action to federal court if the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). Federal removal jurisdiction is statutory in nature and is to be strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). All doubt is resolved in favor of the states. *Allied-Signal, Inc.*, 985 F.2d at 911. Removal is proper if it is based on permissible statutory grounds and if it is timely. *See Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). As the party seeking to invoke federal jurisdiction, Dietrich bears the burden of demonstrating that removal is proper. *Id.*

2

The notice of removal states that "an amended pleading was first received by the defendant on August 24, 2009, and from this the defendant was first able to ascertain that the case has become removable because of issues under the federal laws RESPA (the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 et seq.,) and TILA (the Truth in Lending Act, 15 U.S.C. §§ 1601 et seq.)." (Notice of Removal ¶ 1.) By its motion, Countrywide counters that the record shows that Dietrich knew that the case might be removable on July 1, 2009, and probably knew that it might be removable on March 4, 2009. Countrywide relies upon Dietrich's answer and affirmative defense filed on July 1, 2009, that cite RESPA and the TILA, and a letter dated March 4, 2009, filed by Dietrich stating that the loan was predatory. Countrywide has called into question the timeliness of the notice of removal indicating it was not filed within 30 days of Dietrich's knowledge that RESPA and the TILA were involved. Based on the record and the absence of any response by Dietrich, the Court concludes that Dietrich has failed to meet her burden of establishing that her notice of removal was timely.

Countrywide has also called into question Dietrich's compliance with the general rule, all defendants must join in a removal petition in order to effect removal. *See Chi., Rock Island, & Pac. Ry. Co. v. Martin,* 178 U.S. 245, 248 (1900). Countywide specifically asserts that Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") has not joined in the notice of removal. A notice of removal is facially defective if it is not joined by all served defendants, or if it fails to explain why all defendants have not consented to removal. *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 368 (7th Cir. 1993) (overruled on other grounds by

3
Case 2:09-cv-00835-RTR   Filed 10/27/09   Page 3 of 4   Document 12

*Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540, 542 (7th Cir. 2006)); *Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir. 1997).

The notice of removal states that "there are no defendants in the action except Dietrich." (Notice of Removal ¶ 2.) However, two other defendants are named in the action and Dietrich has not explained why they have not joined in the petition of removal. Thus, Countrywide has properly challenged Dietrich's compliance with the requirement that all defendants join in a petition for removal. Based on the record and the absence of any response by Dietrich, the Court concludes that Dietrich has failed to meet her burden of establishing that she has complied with the requirement that all defendants join in the notice of removal. *See Shaw*, 994 F.2d at 368. In light of the foregoing, Countrywide's motion for remand is granted. Furthermore, Dietrich's motion for leave to proceed *in forma pauperis* is denied as moot.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Countrywide's motion for remand is **GRANTED**.

Dietrich's motion for leave to proceed *in forma pauperis* is **DENIED** as moot.

A certified copy of this Order **SHALL** be sent to the Clerk of the Milwaukee County Circuit Court.

Dated at Milwaukee, Wisconsin this 26th day of October, 2009.

BY THE COURT

*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**U.S. District Judge**